In The Court Of The United States
Eastern District
At Chattanooga, Tennessee

Louis W. Sparks,
    Plaintiff

vs.

The United States,
    Defendant
Dept. of V.A. Regional Counsel
Alvin York V.A. Medical Center
V.A. Outpatient Clinic
Rick Finger, Clinic Administrator

Civil Case No.
Jury Demand

1:11-cv-170
Collier/Carter

## Complaint

Plaintiff is a resident of Bradley County, Tennessee. All V.A. health facilities and V.A. Regional Counsel are resident within jurisdiction of U.S. District Court at Chattanooga, Tennessee; whose jurisdictional addresses are as follow:

**FILED**

JUN 27 2011

Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

1. Dept of Veterans Affairs, Regional Counsel
Davidson County, Nashville, Tn
2. Alvin York V.A. Medical Center
Rutherford County, Murfreesboro, Tn
3. V.A. Outpatient Clinic
Hamilton County, Chattanooga, Tn

Complaint and waiver of the service of summons mailed to:
United States Attorney's Office
1110 Market Street, Suite 301
Chattanooga, Tn 37402

Defendant: The United States

Comes now Plaintiff, Louis W. Sparks and states the cause of action against United States and Dept. of Veterans Affairs, defendants as follow:

# I

Plaintiff alleges concealment, deceit, and fraud against U.S. and V.A. with medical malpractice; causing injuries to him. United States and V.A. refused to test, examine, diagnose, inform, and treat Plaintiff for his service-connected combat related disabilities from Viet Nam in the sixtys, and has been an ongoing thing of U.S. and V.A. since 1970 in Tennessee. When V.A. did treat Plaintiff, it was for the wrong reason.

# II

## Concealment, Deceit, And Fraud

1. V.A. Rating Decision, Exhibit #1: Contradicting statements made as follow:
Service medical records of veteran's service (8/13/64 - forward) did not show hearing loss in left ear to date of 7/30/66. Entrance examination for service commencing on 7/16/67 shows hearing loss of left ear (and a history of loss in left ear since childhood. This information was concealed.

2. V.A. Regional Counsel Rating Decision, Exhibit #2: "Service-connection may be granted for disability resulting from disease or injury incurred in or aggravated in line of duty and not the result of the veteran's own willful misconduct. A nervous disorder manifest by neurotic symptoms which somewhat adversely affect relationships with others will be considered zero percent disabling."
Plaintiff's comments: "zero percent disabling"
V.A. refused to rate Plaintiff on service-connected disabilities. This information was concealed from Plaintiff.

3. Social Security Administration Letter Exhibit #3: Seems to have relationship to item two (exhibit #2). S.S. states, (paragraph three) "However, because of the personal nature of medical information about an individual, you may wish to destroy these records after they have served their intended purpose."

Plaintiff's comments: ("destroy these records")
V.A. has and yet, is concealing information from Plaintiff. V.A. has refused to rate Plaintiff on service-connected disabilities. Plaintiff's Request to V.A.: inform him of above medical information. It is also a request to United States, defendant and to U.S. Social Security Administration.

4. V.A. Records, Exhibits #4,5,6,7: did have names of individuals who signed, attesting to some testimony; however, their names were blotted out. Evidently, they have some relationship to a person's character.
Plaintiff requests information in regard to what the individuals attested to.
Plaintiff alleges concealment, deceit and fraud for above items. V.A. has refused to rate Plaintiff for service-connected disabilities.

## III Injuries

1. Memory Problems: caused by medication V.A. gave without side effect warning. Also, V.A. forced drugs upon Plaintiff later.
2. Eye Injury: caused by medications from Veterans' hospital (Alvin York V.A. Medical Center). V.A. did not document.
3. Facial and Stomach Injuries: caused by medications V.A. gave, and forced upon Plaintiff. No side effect warning was given. V.A. did not document.
4. Rash: around groin that itches occasionally.
5. Sores: on scalp that itches to extremity, giving torment and burn. Also, around rectum that itched severely and with burning.

P.5

5. Psychiatric Injury: Plaintiff cannot trust V.A. for any needed treatment. Reasons are as follow:

a. Concealment, deceit, and fraud.
b. Refused to test, examine, diagnose, inform and treat for injuries, service connected.
c. Refusal to do the same in above for injuries V.A. inflicted upon Plaintiff.
d. The injuries inflicted upon Plaintiff by V.A. health care providers.
e. Refusal to rate Plaintiff for service connected injuries, treat, and compensate since 1970 and rehabilitate.

Plaintiff now has P.T.S.D. (post traumatic stress) caused by V.A. in addition to P.T.S.D. from Viet Nam, combat related; because of all above wrong doings: learned of all the fraud in June 2011.

IV

The United States, V.A. were negligent for causing all the above injuries (third part of complaint). No side effect warning was given for any medications that V.A. gave Plaintiff, and V.A. forced them on Plaintiff by form of injections, taking life.

V

United States, V.A. are responsible for Veteran-Plaintiff's severe suffering. They caused the injuries as stated in third part of complaint. Therefore, Plaintiff seeks future medical expenses for injuries as a result of defendants' negligence. Plaintiff's injuries are a proximate result of Veteran health care facilities, Alvin York V.A.-Medical Center, V.A. Outpatient Clinic; and also V.A. Regional Counsel. Also, Plaintiff seeks relief of any expenses of private health care, should such be alleged by U.S. and anyone else.

Plaintiff also seeks recovery for loss of past enjoyment of life, past and future loss of income from business, real estate and it's furnishings; all assets lost (tangibles, intangibles, personal cash and business cash), any place they are; all which are a proximate and direct result of defendants' negligent and ill will conduct that harmed plaintiff through years of his life.

Wherefore, based upon all foregoing damages sought, for the above (aforementioned) injuries, Plaintiff seeks judgement against defendants, United States and Dept. of Veterans Affairs in the amount of $10,000,000,000,000 (Ten Trillion). Plaintiff requests all issues be tried formally, by a jury.

Respectfully submitted,

Louis W. Sparks

Louis W. Sparks,
Plaintiff
132 Keith Street, S.W.
Apartment 102
Cleveland, TN 37311
Phone: (423) 614-2340
date: June 27, 2011